# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER, | CASE NO. 1:12-cv-01146-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| MATTHEW L. CATE, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.      PROCEDURAL HISTORY**

On July 12, 2012, Plaintiff Earl Warner, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The Complaint names the following individuals as Defendants: (1) Matthew L. Cate, Secretary, California Department of Corrections and Rehabilitation (CDCR); (2) John Doe, Warden, Pleasant Valley State Prison (PVSP); (3) A. Walker, Chairperson, Institution Classification Committee (ICC); (4) D. McGaha, ICC; (5) R. Prokop, ICC; (6) R. Spalding, ICC; and (7) W. Fellows, ICC.

Plaintiff alleges the following:

On April 16, 2010, Plaintiff reported to Salinas Valley State Prison (SVSP) officials that two inmates were conducting criminal activity. Plaintiff explained that the inmates had plotted to cause him harm and that he feared for his safety. (Compl. at 4, 7.) Plaintiff was moved into the Administrative Segregation Unit (ASU). The ASU ICC conducted an investigation and confirmed that Plaintiff had enemies housed in Facility A. (Id. at 4.) The ICC elected to retain Plaintiff in the ASU pending transfer to another facility. (Id. at 4, 29.) Plaintiff filed numerous inmate grievances expressing his fear that he would be transferred to a facility housing his enemies. (Id. at 4, 5.) Plaintiff was endorsed for transfer to PVSP on October 26, 2010. Plaintiff immediately filed an inmate grievance advising of enemies possibly housed at that institution. (Id. at 5.) Plaintiff arrived at PVSP in January 2011.

Plaintiff was initially housed in the orientation section where inmates are kept separate from the general population. After one week, Plaintiff was assigned to the general population. (Id. at 6.) He recognized several gang affiliated inmates in the general population and one who had been on the yard at SVSP when Plaintiff made his safety concerns known. (Id. at 7.) Inmate Sordia, a gang leader in general population, threatened to harm Plaintiff on the recreation yard. (Id. at 8.)

On January 19, 2011, Plaintiff came before the Unit Classification Committee (UCC) for initial review and notified the committee of his serious safety concerns. Plaintiff identified Sordia, among others, and described the threat. Defendant Walker summoned Sordia and placed him alongside Plaintiff in adjacent holding cages. Sordia was notified of Plaintiff's comments. The two were told to talk the situation over. Sordia denied making the threat and was sent back to his housing unit. Plaintiff was returned to his cell and ordered to move into building two where Sordia was housed. (Id. at 9, 10.) Plaintiff's

central file noted Sordia as a known enemy. (Id. at 12.)

The fact that Plaintiff had informed prison officials of Sordia's threat became known in the housing unit and Plaintiff was confronted by affiliated inmates. Plaintiff refused to leave his cell for food or recreation. (Id. at 11.) On January 20, 2011 Plaintiff was removed from general population and eventually from PVSP because of self-inflicted lacerations to his wrists. (Id. at 13.)

Defendant Fellows willfully omitted from the records of the initial UCC hearing at PVSP information reflecting the threat to Plaintiff. (Id. at 16.) Plaintiff pursued documentation of the Defendant's decisions via the inmate appeal process. His appeals were uniformly rejected. (Id. at 15-18.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth

4

"sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.     Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint attributes liability to Secretary Cate and Warden Doe based solely on their roles as supervisors. Neither Defendant is mentioned in Plaintiff's factual

5

summary. The mere fact that they may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court will provide an opportunity to amend. In order to state a cognizable claim, Plaintiff needs to set forth sufficient facts showing that each supervisor personally took some action that violated Plaintiff's constitutional rights.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff alleges that prison gang members threatened him with serious bodily harm. The threats were substantiated and a transfer deemed necessary. Plaintiff was moved to PVSP even though some of his enemies were housed at PVSP. After a week Plaintiff was placed in the PVSP general population where he was exposed to threats of harm. Plaintiff

6

notified Defendants Walker, McGaha, Prokop, Spalding, and Fellows that he had been threatened. Walker directed Plaintiff and the perpetrator, Sordia, to discuss the matter. Plaintiff then was assigned to the same unit as Sordia. The fact that Plaintiff had implicated Sordia became known in the unit and Plaintiff was repeatedly confronted.

The prison gang's repeated threats to physically harm Plaintiff are sufficiently serious to satisfy the first element of Plaintiff's Eighth Amendment claim. However, the Complaint fails to establish that any of the named Defendants acted with deliberate indifference to expose Plaintiff to that harm.

Plaintiff identifies at least three administrative decisions made by prison officials that increased his exposure to harm: the initial transfer to PVSP, removal from the orientation group and placement in PVSP's general population, and being housed in Sordia's unit. The decision to transfer Plaintiff was made by the ICC at SVSP and those committee members are not named as Defendants. Plaintiff does not allege who was responsible for his removal from the orientation group and placement in general population at PVSP. Finally, on January 19, 2011, Plaintiff allegedly told classification hearing personnel Defendants Walker, McGaha, Prokop, Spalding, and Fellows of the threat made by Sordia. Sordia denied making the threat. Plaintiff was then moved to Sordia's unit. Plaintiff apparently believes that Walker ordered Plaintiff moved to Sordia's unit, but he does not provide any facts supporting that belief. His belief is insufficient alone. Conclusory allegations will not suffice to establish elements of an Eighth Amendment claim. Iqbal, 556 U.S. at 678. Plaintiff must instead provide factual allegations sufficient to show that Walker and the other Defendants acted as alleged and with deliberate indifference.

The Complaint frequently refers to exhibits A through U in support of claims that the

7

Defendants acted with knowing disregard for the risk of harm. Yet, there are only three exhibits, A, B, and C, attached to the Complaint and they relate to decisions made by individuals at SVSP who are not named as Defendants here.

Plaintiff's allegation that Defendant Fellows willfully omitted information from the record of the January 19, 2011 classification hearing also lacks factual support.  Moreover, if Defendant Fellows did in fact omit information about the risk of harm to Plaintiff, it suggests the other Defendants may not have fully appreciated the risk to Plaintiff.

The Court will grant Plaintiff leave to amend.  To state a claim, Plaintiff must allege facts demonstrating that each Defendant knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer, 511 U.S. at 847.  Plaintiff must clearly explain which of the Defendants were responsible for each decision that exposed Plaintiff to harm.  Sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's deliberate indifference."  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).

**D.     First Amendment**

Plaintiff alleges that his transfer to PVSP was punitive and made in retaliation against Plaintiff for filing claims against prison officials.  Allegations of retaliation against a prisoner for exercising First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The allegation that Plaintiff was transferred to PVSP in retaliation for exercising his First Amendment rights fails to state a cognizable claim. As stated, it is vague and conclusory. It does not attribute the retaliation to a named Defendant and does not show that Plaintiff's protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). The Court will grant Plaintiff leave to amend. To state a cognizable claim, Plaintiff must satisfy each element described above with non-conclusory facts. Plaintiff must also clearly identify which Defendants are responsible.

### E.     **Fourteenth Amendment**

The Complaint alleges that Defendant Fellows deprived Plaintiff of his right to due process and equal protection by maintaining an insufficient record of the January 19, 2011 UCC hearing. Plaintiff contends that Defendant Fellows willfully omitted pertinent information regarding the threat of harm to Plaintiff.

#### 1.     Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise

9

from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (Because the Court found that Washington law provided a liberty interest in accurate prison record information, the Court declined to reach the issue of whether the Due Process Clause itself provided such a right). Liberty interests created by prison regulations are limited to freedom from restraint which "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

In this instance, Plaintiff has alleged no facts that establish the existence of a liberty interest with respect to an accurate record of a past classification hearing. To state a cognizable claim, Plaintiff must first establish a liberty interest by explaining how an inaccurate record imposes an atypical and significant hardship.

    2.   Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff has made no allegation that he is a member of a protected class or that the Defendants acted on the basis of his status as a member of a protected class; therefore, he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

The Complaint concludes that Defendant Fellows violated Plaintiff's right to equal protection without explaining how. Conclusory allegations will not suffice; instead, Plaintiff must demonstrate with factual allegations that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his

rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed July 12, 2012;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this

12

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: February 28, 2013         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE