# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>   Plaintiff,<br><br> v.<br><br>MATTHEW L. CATE, et al.,<br><br>   Defendants. | Case No. 1:12-cv-01146-MJS (PC)<br><br>**ORDER (1) DISREGARDING UNENUMERATED RULE 12(b) MOTION , (2) DISREGARDING MOTION TO STRIKE SURREPLY TO UNENUMERATED RULE 12(b) MOTION, (3) REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN FORTY-FIVE  DAYS, and (4) DENYING REQUEST FOR STAY OF DISCOVERY AND SCHEDULING**<br><br>**(ECF Nos. 20, 29, 33)** |

   On July 12, 2012, Plaintiff Earl Warner, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on a failure to protect claim against Defendants Walker, McGaha, Prokop, Spalding, and Fellows.

   On September 16, 2013, Defendants filed a motion to dismiss the action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed opposition to which Defendants replied. Plaintiff filed a surreply which Defendants move to strike.

   On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a

decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in *Albino*, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Albino*, 2014 WL 1317141, at *4. An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. *Id.*

On May 13, 2014, Defendants filed a notice acknowledging *Albino* and withdrawing their 12(b) motion and requesting forty-five days to file a motion for summary judgment for failure to exhaust and requesting the Court refrain from issuing a discovery and scheduling order until its ruling on summary judgment. Plaintiff filed opposition to which Defendants replied.

Accordingly, it is HEREBY ORDERED that:

1. The unenumerated Rule 12(b) motion filed September 16, 2013 (ECF No. 20) shall be DISREGARDED,
2. The motion to strike Plaintiff's surreply to the 12(b) motion (ECF No. 29) shall be DISREGARDED,
3. Defendants shall, **within forty-five (45) days** from the date of service of this Order file a responsive pleading or motion, and
4. Defendants unsupported request that the Court refrain from issuing a discovery and scheduling order pending ruling on summary judgment (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated: May 30, 2014           /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE