UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-1146-LJO-MJS (PC)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING UNINHIBITED ACCESS TO THE COURT, AND (2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**<br><br>**(ECF No. 44)**<br><br>**CLERK OF COURT TO FAX COPY OF THIS ORDER AND ECF DOC. No. 44 TO LITIGATION COORDINATOR AT CALIFORNIA HEALTH CARE FACILITY, STOCKTON** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 7 & 10.) The action proceeds against Defendants Walker, McGaha, Prokop, Spalding, and Fellows on Plaintiff's Eighth Amendment failure to protect claim. (ECF No. 12.)

On August 18, 2014, Defendants filed a motion for summary judgment on the ground Plaintiff had failed to exhaust his administrative remedies. (ECF No. 41.) On September 8, 2014, Plaintiff filed a Motion for Order Compelling Uninhibited Access to

the Court and a motion for extension of time to oppose the summary judgment motion. (ECF No. 44.) Defendants did not respond to Plaintiff's motion.

**I.      MOTION FOR EXTENSION OF TIME**

Plaintiff has presented good cause for extending the time for filing his opposition to the motion for summary judgment. His motion for extension of time will be granted.

**II.     MOTION FOR ORDER COMPELLING UNINHIBITED ACCESS TO THE COURT**

Plaintiff asks the Court to order Defendants to provide "all personal legal documents, work product materials, [and] access to the law library . . . ." Plaintiff states that he was transferred to a different institution on August 19, 2014, and was not provided a pen until August 21, 2014. Beginning on August 21, 2014, Plaintiff asked his institution for services to enable him to prepare to defend against Defendants' motion. He is awaiting responses to his requests.

Defendants are employed at Pleasant Valley State Prison. Plaintiff currently is incarcerated at California Health Care Facility, Stockton. There is nothing to indicate Defendants have any ability to provide Plaintiff his legal materials or access to the law library, and the Court does not have authority to order officials at Plaintiff's current institution, who are not parties to this case and not before the Court, to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Additionally, Plaintiff acknowledges that his institution has a process for providing the services he requested and he is still awaiting a response to his requests. Thus, even if the Court could afford Plaintiff relief, he has not shown he is unable to obtain his legal documents or access to the law library without court action. Accordingly, the Court will deny Plaintiff's motion to compel.

The Court will, however, direct the Clerk of Court to fax a copy of this order and

Plaintiff's motion to the Litigation Coordinator at Plaintiff's institution. The Court requests that the Litigation Coordinator look into the feasibility of accommodating Plaintiff's concerns.

**III.     ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion for Order Compelling Uninhibited Access to the Court (ECF No. 44) is DENIED,
2. Plaintiff's motion for extension of time (ECF No. 44) is GRANTED,
3. Plaintiff shall file an opposition to Defendants' motion for summary judgment within sixty (60) days of the date of service of this order, and
4. The Clerk's Office is directed to fax a copy of this order and Plaintiff's motion (ECF No. 44) to the Litigation Coordinator at California Health Care Facility, Stockton.

IT IS SO ORDERED.

Dated:   December 5, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

3