UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER<br><br>            Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>            Defendants. | CASE NO. 1:12-cv-1146-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**(ECF No. 46)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 10) This action proceeds on Plaintiff's Eighth Amendment failure to protect claim. (ECF No. 10). Plaintiff's claims arose while he was incarcerated at Pleasant Valley State Prison (PVSP). He has since been transferred to California Health Care Facility in Stockton (DSH Stockton).

Before the Court is Plaintiff's September 22, 2014 motion for a temporary restraining order. (ECF No. 46). Plaintiff seeks the following three types of relief: (1) a "temporary injunction enjoining the defendants to[1] affect [sic] the prompt transfer to a State Hospital for further treatment at the current level of care;" (2) to "cease in the practice of willfully isolating the plaintiff from contact with other patients;" and (3) "to cease imposing policies and practices designed and intended to subvert plaintiff's ability

---

[1] Plaintiff does not make clear whether he would like the court to *enjoin* the prison *from* transferring him or *require* him *to* be transferred.

to gain assistance from other patients in obtaining affidavits attesting to [the] veracity of contention[s] declared herein…."

## II.     LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).

Although the Ninth Circuit has not addressed the issue directly, courts in other jurisdictions have held that a plaintiff must also show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Little v. Jones , 607 F.3d 1245, 1251 (10th Cir. 2010)(quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)); Colvin v. Caruso, 605 F.3d 282, 299-300 (6th Cir. 2010); World Wide Rush, LLC v. Los Angeles, 563 F.Supp.2d 1132, 1148 (C.D. Cal. 2008).  Similarly, a motion for injunctive relief must be denied if it is based on conduct not alleged in the underlying complaint. See 389 Orange St. Partners, 179 F.3d 656, 665 (9th Cir.

1999)(no error in failing to consider unpleaded claim); Ins. Co. of N. America v. Moore, 783 F.2d 1326, 1328 (9th Cir. 1986)(no error in denying relief for unpleaded cause of action). In addition, the relief that a preliminary injunction grants must be "of the same character as that which may be granted finally" and may not deal "with a matter lying wholly outside the issues in the suit." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945); cf. Johnson v. Couturier, 572 F.3d 1067, 1084 (9th Cir. 2009)(concluding that preliminary injunction at issue did not deal with a wholly unrelated matter). Thus, an inmate's "new assertions of mistreatment, entirely different from the mistreatment alleged" in the complaint, "occur[ing] in a different prison and [perpetrated] by different prison employees," cannot form the basis of a preliminary injunction. Mitchell v. Haviland, No. 2:09-cv-3012 WL 458218, at *2 (E.D. Cal. Feb. 14, 2014).

**III.    ANALYSIS**

Here, the Court need not and shall not analyze the Winter factors because Plaintiff has not made the threshold showing that the relief he seeks is related to the conduct alleged in his amended complaint.  In fact, the relief he requests this Court to order – a transfer, a different custody classification, and a change in policy that would a allow him to take affidavits from fellow inmates in support of these requests  – has no connection to his underlying failure to protect claim.

Moreover, the relief Plaintiff seeks cannot be granted by defendants in this action. Plaintiff is no longer incarcerated at PVSP, where the conduct giving rise to his failure to protect claim allegedly occurred.  Defendants are officials at PVSP, and apparently have no control over Plaintiff's transfer to or from, or classification at, DSH Stockton.  They also presumably lack power to change the DSH Stockton "policies and practices" that are allegedly preventing Plaintiff from obtaining affidavits from other inmates.

The Court, in any event, has no power to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1985).  If Plaintiff seeks redress for the conduct of officials at DSH Stockton, he should utilize the

3

prison grievance system. If his complaints remain unresolved, he may file a new, separate action in federal court. However, he may not use the instant action "as a forum to air unrelated grievances concerning his incarceration." See White v. Johansson, 2014 U.S. Dist. LEXIS 176908, at *4 (W.D. Wash. Dec. 1, 2014); Cepero v. High Desert State Prison, 2014 U.S. Dist. LEXIS 84603, at *6 (D. Nev. June 18, 2014).

### IV.  CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff has not established his entitlement to a temporary restraining order. Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for temporary restraining order (ECF No. 46) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 6, 2015             /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE