UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. CATE, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01146-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 41.)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 1 & 7.) The action proceeds on an Eighth Amendment failure to protect claim against Defendants Walker, Davis[1], Prokop, Spralding, and Fellows. (ECF No. 12.)

Before the Court is Defendants' August 18, 2014 motion for summary judgment on exhaustion grounds. (ECF No. 41.) Plaintiff opposes the motion. (ECF No. 57.) Defendants filed a reply (ECF No. 58.). The matter is deemed submitted. Local Rule 230(*l*).

**II.    LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT**

Any party may move for summary judgment, and "[t]he [C]ourt shall grant

---

[1] Formerly Defendant D. McGaha.

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." *Id.*  Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## III.    PLAINTIFF'S CLAIMS

Plaintiff complains in his First Amended Complaint ("FAC") that on January 19, 2011 at his initial classification hearing, he informed Defendants of his concerns about threats from the Northern Riders gang and their leader at Pleasant Valley State Prison ("PVSP"), inmate Sordia.  (ECF No. 10.)  Defendants acted with hostility and deliberate indifference towards Plaintiff and informed Plaintiff "he was out of places to go."  (ECF No. 10.)  Defendant Walker placed Plaintiff in an adjacent holding cell to Sordia.  Sordia

denied any animosity, and Defendants approved Plaintiff for general population housing in the same unit as inmate Sordia.

Prisoners affiliated with Sordia loitered outside Plaintiff's cell during meal breaks. Eventually, Plaintiff suffered a nervous breakdown and was transferred because of self-inflicted lacerations to his wrists.

## IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard -- Exhaustion

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved.  A grievance also need not contain every fact necessary to prove each element of an eventual legal claim."  *Id.*  Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" *id.* at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue."  *Id*. at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).  Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies.  *Id.*  A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very

low." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012).  The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use."  *Id.* (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166.  If material facts are disputed, summary judgment should be denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue."  *Id.* at 1170-71.

### B.     Factual Background

The event which gave rise to the Eighth Amendment claim in Plaintiff's FAC occurred on January 19, 2011.  Plaintiff filed his original complaint on July 12, 2012, and his FAC on May 10, 2013.  (ECF Nos. 1 & 10.)  Plaintiff filed three prison appeals relevant to exhaustion of the claims raised in his FAC: PVSP-O-12-00872, RJD-B-12-00796, and RJD-B-12-01098.

While housed at PVSP, Plaintiff submitted appeal PVSP-O-12-00872 on December 12, 2011.  On January 30, 2012, the appeal was rejected at the first level on the basis that Plaintiff failed to demonstrate a material adverse effect on his welfare pursuant to 15 C.C.R. § 3084.6(b)(2).  Plaintiff resubmitted the appeal.  A letter dated April 13, 2012 was sent to Plaintiff informing him to resubmit his appeal to the appropriate California Department of Corrections and Rehabilitation ("CDCR") unit because PVSP no longer had jurisdiction over Plaintiff when he was transferred to Richard J. Donovan Correctional Facility ("RJD").

The parties dispute when Plaintiff received the April 13, 2012 letter and how appeal RJD-B-12-00796 was initiated.  Defendants contend that the appeal was received in the appeals office at RJD on April 20, 2012,  it was screened and cancelled as untimely pursuant to 15 C.C.R. § 3084.6(c)(4), and a letter was sent to the Plaintiff

4

May 11, 2012, informing him of the cancellation and the process for appealing the cancellation decision. Plaintiff contends that he had not received the April 13, 2012 letter by May 3, 2012, when he sent a letter to the PVSP Appeals Office inquiring on the status of his appeal. He subsequently received the April 13, 2012 letter and notification that his PVSP-O-12-00872 had been assigned appeal number RJD-B-12-00796 and rejected as untimely.

Plaintiff appealed the cancellation of RJD-B-12-00796 by submitting appeal RJD-B-12-01098. In a letter dated May 24, 2012, the appeal was cancelled pursuant to 15 C.C.R. § 3084.6(c)(4) as untimely.

### C. Parties' Arguments

Defendants argue that Plaintiff did not exhaust his administrative remedies because he did not obtain a third level decision on any of the three appeals. Appeal PVSP-O-12-00872 concluded when Plaintiff was no longer housed at PVSP. Although he then resubmitted the appeal as RJD-B-12-00796 on April 20, 2012, it was properly cancelled as untimely. Plaintiff properly appealed that cancellation in RJD-B-12-01098. While RJD-B-12-01098 may have been improperly cancelled, Plaintiff failed to appeal the cancellation decision, and therefore, he failed to exhaust his administrative remedies.

Plaintiff contends the prison prevented him from exhausting his administrative remedies and that appeal of RJD-B-12-01098 would have been futile. PVSP-O-12-00872 was erroneously cancelled; Plaintiff alleged a material adverse effect on his welfare when he claimed that the incident caused him to have a nervous breakdown and slit his wrists. Plaintiff resubmitted PVSP-O-12-00872, and it was re-assigned appeal number RJD-B-12-00796 when Plaintiff transferred to RJD. RJD-B-12-00796 was erroneously cancelled as untimely. The appeal was erroneously treated as though it was submitted for the first time, and the Appeals Office never characterized it as untimely when it was first submitted at PVSP. When Plaintiff attempted to appeal the

5

cancellation and complained about the above issues with the appeals process via appeal RJD-B-12-01098, this appeal was again erroneously cancelled as untimely even though he had submitted it well within thirty days of receiving notice of the cancellation as required under the California Code of Regulations.

### D.     Analysis

There is a genuine issue of material fact as to whether the administrative remedies were effectively unavailable to Plaintiff.  Defendants contend that the cancellation of RJD-B-12-01098 may have been a mistake, but that Plaintiff should have still appealed that cancellation because all of Plaintiff's prior appeals were properly screened out.  However, Plaintiff presents evidence that his initial appeal PVSP-O-12-00872 was improperly screened out because he had alleged a material adverse effect on his welfare, that he properly resubmitted that appeal and it was instead cancelled as untimely, and when he attempted to appeal the cancellation again, he was given the same response -- that his appeal was untimely.

A Plaintiff can demonstrate that administrative remedies were effectively unavailable to him when he attempts to comply with the process, but is "thwarted by improper screening." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010).  In order to demonstrate this exception applies, the plaintiff "must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24.  Alternatively, exhaustion may "be excused where repeated rejections of an inmate's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable." *Id.* at 826.

Defendants effectively concede that Plaintiff's appeal RJD-B-12-01098 was cancelled "for reasons inconsistent with or unsupported by applicable regulations." *Id.*

6

at 823-24. And, without examining all the facts and claims and weighing the evidence, the Court cannot resolve whether or not Plaintiff had a reasonable good faith belief that the administrative remedies were effectively unavailable to him. Because such determinations cannot be made on a motion for summary judgment, the Court must recommend that Defendants' motion for summary be DENIED. *See Soremekun*, 509 F.3d at 984.

## VI.    CONCLUSION AND RECOMMENDATION

The Court finds there are disputed issues of material fact regarding exhaustion, precluding summary judgment. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 41.) be DENIED. In light of Defendants' request for an evidentiary hearing in the event that their motion is denied, it is FURTHER RECOMMENDED that an evidentiary hearing be conducted to resolve the issue of exhaustion.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    May 18, 2015                        /s/ *Michael J. Seng*
                                                             UNITED STATES MAGISTRATE JUDGE