UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTHEW CATE, et al.,<br><br>          Defendants. | CASE NO. 1:12-CV-1146-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 62)** |

On June 4, 2015, Plaintiff filed a motion to appoint counsel. (ECF No. 62.)

There is no general constitutional right to appointed counsel in civil cases. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998); White v. McGinnis, 903 F.2d 699, 700 n.3 (9th Cir. 1990). Nor is there a constitutional right to appointed counsel for § 1983 claims, specifically. Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). The Court may, in "exceptional circumstances," appoint counsel for an indigent civil rights litigant. Palmer v. Valdez , 560 F.3d 965, 970 (9th Cir. 2009); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, without a reasonable method of securing

and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. To determine whether exceptional circumstances exist, the Court must evaluate both the likelihood of success on the merits and Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). Id., at 970(citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The burden of demonstrating exceptional circumstances is on the Plaintiff. Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

Here, Plaintiff has not demonstrated the existence of exceptional circumstances. At this early stage of the litigation, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. In addition, despite Plaintiff's assertions to the contrary, his claims do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve extensive investigation and discovery. Moreover, the papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express them adequately in writing. The Court does not find that Plaintiff cannot adequately articulate his claims. Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel. See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D.Cal. 2011) (cases cited).

For the foregoing reasons, Plaintiff's request for appointment of counsel (ECF No. 62) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: June 5, 2015            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE