UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW L. CATE, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01146-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 59)**<br><br>**CASE TO REMAIN OPEN** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On May 19, 2015, the Magistrate Judge issued findings and recommendations to deny Defendants' motion for summary judgment and to require an evidentiary hearing to resolve factual disputes concerning exhaustion. (ECF No. 59.) Defendants filed purported objections. (ECF No. 60.) The objections do not take issue with the findings and recommendations but instead ask that other issues collateral to exhaustion also be addressed in the recommended evidentiary hearing. Specifically, Defendants ask that the evidentiary hearing address the issue of whether Plaintiff's initial appeal submission was timely. According to Defendants, the issue of timeliness falls outside the scope of

exhaustion, and instead is a matter of "procedural default." Defendants thus contend that they are excused from not having raised the timeliness issue in their exhaustion motion. They argue that permitting them to address this issue at the evidentiary hearing will preserve judicial resources by obviating the need to address the issue later, in a substantive motion for summary judgment or in a separate evidentiary hearing.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Defendants' request to add the issue of "procedural default" to the evidentiary hearing will be denied. Defendants' contention that timeliness is not an aspect of exhaustion is incorrect. The case relied on by Defendants, Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), was reversed by the United States Supreme Court on precisely this basis. Woodford v. Ngo, 548 U.S. 81 (2006) (holding that "proper" exhaustion is required, including compliance with administrative deadlines). Defendants' assertion that they have a continuing opportunity to raise the issue of "procedural default" is incorrect; the time for argument regarding timeliness of an administrative appeal is in the motion for summary judgment based on exhaustion.

Nevertheless, it is apparent that factual disputes regarding timeliness may bear on whether administrative remedies were effectively unavailable to Plaintiff. Thus, the Court will refer the matter back to the Magistrate Judge to determine the extent to which issues of timeliness may or need be addressed in the evidentiary hearing.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations (ECF No. 59), filed May 19, 2015, in full;
2. Defendants' motion for summary judgment (ECF No. 41), filed August 18, 2014, is DENIED;
3. The Court REFERS the matter back to the Magistrate Judge for further

1 | proceedings on the issue of exhaustion; and
2 | 4. The case shall remain open for resolution of the exhaustion issue and, if
3 | necessary, further proceedings on Plaintiff's claims.

IT IS SO ORDERED.

Dated:  **June 9, 2015**              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

5.