UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER<br><br>            Plaintiff,<br><br>   v.<br><br>MATTHEW CATE, et al.,<br><br>            Defendants. | CASE NO. 1:12-cv-1146-LJO-MJS (PC)<br><br>**ORDER GRANTING MOTION FOR DEFENDANTS' WITNESS TO TESTIFY BY VIDEOCONFERENCE**<br><br>**(ECF No. 69)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 10.) This action proceeds on Plaintiff's Eighth Amendment failure to protect claim. (ECF No. 10.)

An evidentiary hearing on the issue of exhaustion has been set for August 14, 2015. (ECF No. 66.) On July 10, 2015, Defendants requested that one of their witnesses, Robert Cobb, be permitted to testify by videoconference. (ECF No. 69.) Plaintiff did not file an opposition or otherwise respond to the motion.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 43(a) ordinarily requires witnesses' testimony to

be taken in open court.  However, for good cause in compelling circumstances, a court may allow testimony "by contemporaneous transmission from a different location" if there are appropriate safeguards.  "The use of such contemporaneous transmission in lieu of live testimony is expressly reserved to the sound discretion of the trial court." Scott Timber, Inc. v. United States, 93 Fed. Cl. 498, 500 (Fed. Cl. 2010); accord Palmer v. Valdez, 560 F.3d 965, 969 (9th Cir. 2009).

The advisory committee's notes to Rule 43 caution that "[contemporaneous] transmission cannot be justified merely by showing that it is inconvenient for the witness to attend" the hearing. Fed. R. Civ. P. 43 Advisory Committee's Note (1996 Amendment). However, good cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of court proceedings, see Beltran-Tirado v. I.N.S., 213 F.3d 1179, 1186 (9th Cir. 2000)(telephonic testimony appropriate where witness was in Missouri and hearing was in San Diego); Humbert v. O'Malley, 303 F.R.D. 461, 465 n. 20 (D. Md. 2014)(witness in Michigan and trial in Maryland); FTC v. Swedish Match N.A., Inc., 197 F.R.D. 1, 2 (D.D.C. 2000)(witness in Oklahoma and trial in Washington, D.C.),  or where the expense of producing the witness is particularly high. See Saenz v. Reeves, No. 1:09-cv-00557, 2013 WL 1636045, at *3 (E.D. Cal. April 16, 2013) (video testimony permitted where there was "significant expense and security risk" involved in producing inmate witness).

Appropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately. See Beltran, 213 F.3d at 1186; Alderman v. SEC, 104 F.3d 285, 288 n. 4 (9th Cir. 1997); Scott Timber, 93 Fed. Cl. at

500.  Courts also consider the possible effect of a witness's physical absence from the courtroom on his or her truthfulness.  See Humbert, 303 F.R.D. at 465; Swedish Match, 197 F.R.D. at 2; Scott Timber, 93 Fed. Cl. at 501.  Because a witness testifying by video is observed directly with little, if any, delay in transmission, however, courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings.  See Parkhurst v. Belt, 569 F.3d 995, 1003 (8th Cir. 2009); Scott Timber, 93 Fed. Cl. at 501; see also Swedish Match, 197 F.R.D. at 2 (finding that there was "no practical difference between live testimony and contemporaneous video transmission" in proceedings in that case).

## III.   ANALYSIS

Defendants request for the court to authorize Robert Cobb, who was the appeals coordinator at Richard J. Donovan Correctional Institution at the time Plaintiff submitted his appeals there, to testify by video.  Mr. Cobb has retired from CDCR and now lives in Texas.  Defendants allege that the cost for Mr. Cobb to travel to and stay in Fresno for the hearing would be very high.  Mr. Cobb cannot be subpoenaed to testify because he lives out of state and more than 100 miles away. Fed. R. Civ. P. 45(c)(1). Defendants propose to make arrangements with "a local court reporter's office or similar business with videoconferencing equipment in the area where Mr. Cobb resides" to facilitate the taking of video testimony.

Fresno's distance from Texas, and the associated cost and inconvenience Mr. Cobb would incur to travel between them, amount to good cause and compelling circumstances justifying Mr. Cobb's testimony by video, particularly in light of Plaintiff's failure to object.  The use of live video transmission should not diminish Plaintiff's ability

to cross-examine Mr. Cobb or the Court's ability to assess his credibility.

However, Court electronic security concerns and technical requirements dictate that audio visual transmissions come from appropriately equipped federal district courts, not private businesses. Defendants are responsible for identifying a suitable court in Mr. Cobb's area and arranging and coordinating the videoconference from there.

**IV.  CONCLUSION AND ORDER**

Good cause and compelling circumstances exist to allow Defendants' witness to testify by videoconference at the August 14 evidentiary hearing. Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to allow witness Robert Cobb to testify by videoconference (ECF No. 69) is GRANTED, provided Defendants make all arrangements with the Fresno Court and a suitably equipped Federal Court in Texas to ensure that two-way audio and video transmission will be fully functional at the time scheduled for the hearing; and,

2. Defendants are to contact Laurie Yu, courtroom deputy for the undersigned, at (209) 372-8917, forthwith to coordinate setup of the videoconference.

IT IS SO ORDERED.

Dated:   August 4, 2015                       /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE