1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11

EARL WARNER                                    CASE NO. 1:12-cv-1146-LJO-MJS (PC)

12
                     Plaintiff,               **ORDER DENYING MOTION FOR ORDER**
13                                            **COMPELLING DISCOVERY**

14        v.                                  **(ECF No. 70)**

MATTHEW CATE, et al.,
15
                     Defendants.
16

17

18        Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil

19   rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 10.) The action

20   proceeds on Plaintiff's Eighth Amendment failure to protect claim. (ECF No. 10.)  Plaintiff

21   is currently incarcerated at the California Men's Colony (CMC) in San Luis Obispo.

22
          An evidentiary hearing on the issue of exhaustion has been set for August 14,
23
     2015. (ECF No. 66.)  On July 27, 2015, Plaintiff filed a motion entitled "Motion for Order
24
     Compelling Discovery as Required for Evidentiary Hearing." (ECF No. 70.)
25

26   **I. PLAINTIFF'S MOTION**

27        The objective of Plaintiff's motion is less than clear.   Plaintiff complains of

28

problems he has had accessing his legal documents, writing materials, and the law library due to placement in administrative segregation and his recent transfer to CMC. He also complains that Defendants have not responded to a previous discovery request, the contents of which he does not describe.[1] (ECF No. 70, at 3.) He indicates that he would like to introduce portions of the Department Operations Manual and unspecified California regulations as exhibits at the evidentiary hearing.  He asks the Court to compel Defendants to respond to the discovery request, to order CMC to give Plaintiff access to his legal property, and to postpone the evidentiary hearing. (Id.) The Court addresses these requests in turn.

**II. DISCUSSION**

   **A.  Motion to Compel**

The Court will not compel Defendants to respond to Plaintiff's discovery request. The request was untimely.  Discovery in this case was extended until July 24, 2015. (ECF No. 64.)  Per the discovery and scheduling order (ECF No. 48), discovery requests must allow forty-five days for the opposing party to respond.  Defendants' "Statement of Witnesses to be Called and Documents to be Presented at Evidentiary Hearing" indicates that Plaintiff served his requests for production on June 23, 2015, only thirty-

---

[1] Defendants, however, have included the discovery request as an exhibit to their "Statement of Witnesses to be Called and Documents to be Presented at Evidentiary Hearing," filed July 30, 2015. (ECF No. 72.) The requested documents are extensive and, on preliminary review, largely objectionable on a number of grounds, even if timely.  Plaintiff requests: (1) duty statements describing the functions and responsibilities of each of Defendants' witnesses; (2) copies of the documents to be presented at the hearing; (3) a copy of  Plaintiff's incoming and outgoing mail logs at CMF/DSH Vacaville, from August 2011 through February 2012, and (4) from R.J. Donovan from January 2012 through February 2014; (5) copies of all appeals along with attached documents, notes, and memoranda from PVSP and (6) RJ Donovan; (7) emails relating to plaintiff "registered by" the appeals coordinator's office at PVSP and (8) RJ Donovan; (9) the names and business addresses of the people "involved in the production of such records and other documents;" (10) copies of CDCR administrative bulletins, emails, policies, regulations, or rules relating to the exhaustion or "what constitutes a jurisdictional bar to submission of a claim" by an inmate transferred after the incident; and (11) copies of CDCR, PVSP, or RJ Donovan policies, rules, procedures, memoranda, directives, emails or other documents permitting an appeals coordinator from one institution to screen, cancel, or otherwise affect an appeal from another institution. (ECF No. 72, at 6-8.)

2

one days before the close of discovery. (ECF No. 72, at 9.)  Plaintiff's request for production was not filed far enough in advance of the discovery cutoff to allow time for a response; as such, the request was untimely and Defendants were not obligated to respond to it.  Therefore, the Court will deny Plaintiff's motion to compel on that ground. It also is denied on the ground that Plaintiff failed to attach a copy of his discovery request and Defendants' response, as required by Local Rule 251(c).

**B.  Exhibits**

Plaintiff indicates that he would like to introduce portions of the CDCR Department Operations Manual (DOM) and unspecified California regulations as exhibits at his evidentiary hearing.  Defendants were responsible for filing a statement setting forth the documents each party would present at the hearing. (ECF No. 66.)  Defendants have done so, and their statement indicates that "Plaintiff did not identify any specific documents he intended to introduce at the hearing or raise objections to the exhibits identified for Defendants." (ECF No. 72, at 3.) However, Defendants have included among their exhibits the California regulations and DOM sections relating to inmate appeals. (ECF No. 72, at 2-3.) To the extent Plaintiff would like to refer to these documents during the hearing, he may do so.  Moreover, the Court has access to, and can judicially notice, the content of California regulations without their being introduced as evidence.

**C.  Access to Documents and Postponement of Hearing**

The Court does not have the power to require Plaintiff's institution to provide access to his legal documents or to the law library.  It has no jurisdiction in this case over CMC or its warden, neither of whom is named as a defendant here.  (ECF No. 12, at 2.)

More than a week remains before the hearing.  Plaintiff has already presented his

arguments on exhaustion to the Court.  Documents relating to exhaustion are already in the record.   Plaintiff has not shown good cause for postponing the hearing.  Accordingly, the Court will deny this request without prejudice to Plaintiff's right to renew it at the hearing if he can identify existing relevant documents which, despite acting diligently, he was unable to produce for the hearing as scheduled.  Nevertheless, the Court will have a copy of this order sent to CMC's litigation coordinator along with a request that he or she assist Plaintiff in gaining access to the library and to his legal materials.

## III. CONCLUSION & ORDER

The Court will not compel Defendants to respond to Plaintiff's discovery requests, because the latter were untimely filed.   Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 70) is DENIED;

2. Plaintiff's request to introduce unspecified exhibits is DENIED;

3. Plaintiff's request to postpone the evidentiary hearing is DENIED;

4. Plaintiff's request for an order compelling access to legal materials is DENIED; and

5. The Clerk of Court shall serve a copy of this order on the litigation coordinator at California Men's Colony in San Luis Obispo.

IT IS SO ORDERED.

Dated:   August 5, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

4