UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>              Plaintiff,<br><br>      v.<br><br>MATTHEW L. CATE, et al.,<br><br>              Defendants. | CASE NO. 1:12-cv-01146-LJO-MJS (PC)<br><br>**ORDER:**<br><br>**1) VACATING AUGUST 14, 2015 EVIDENTIARY HEARING (ECF No. 66); AND**<br><br>**2) RENOTICING AND RESETTING EVIDENTIARY HEARING**<br><br>Date:  September 4, 2015<br>Time: 10:00 a.m., Courtroom 6 (MJS) |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Walker, Davis,[1] Prokop, Spralding, and Fellows on Plaintiff's Eighth Amendment failure to protect claim.

On August 18, 2014, Defendants moved for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 41.) Defendants belatedly challenged the timeliness of Plaintiff's initial grievance in their reply to Plaintiff's opposition to the motion for summary judgment (ECF No. 58), and in their objections

---

[1] Formerly Defendant D. McGaha.

1  (ECF No. 60) to the Court's findings and recommendations to deny summary judgment.
2  (ECF No. 59.)  In adopting the findings and recommendations on June 9, 2015, the
3  District Court deferred consideration of the timeliness of Plaintiff's first grievance to the
4  Magistrate Judge at the evidentiary hearing. (ECF No. 65.)

5  The issue of whether Plaintiff timely filed, or had the opportunity to timely file, his
6  initial grievance bears directly on whether or not his administrative remedies were
7  effectively unavailable. See Albino v. Baca, 747 F.3d 1162, 1173, 1176 (9th Cir.
8  2014)(exhaustion is not possible where administrative remedy is unavailable); Marella v.
9  Terhune, 568 F.3d 1024, 1027-1028 (9th Cir. 2009)(administrative remedy is unavailable
10 where inmate lacks access to grievance forms or the ability to fill them out within
11 applicable time limit).  If Plaintiff filed his original grievance late, despite having had the
12 opportunity to file it on time, then his failure to exhaust would not be excused, even if the
13 grievance was improperly screened at later stages of the administrative appeals
14 process.  See Woodford v. Ngo, 548 U.S. 81, 95 (2006)(proper exhaustion requires
15 compliance with time limits for filing grievances); Sapp v. Kimbrell, 623 F.3d 813, 823-24
16 (9th Cir. 2010)(to show that attempts to exhaust were thwarted by improper screening,
17 inmate must first show he filed a grievance that would have sufficed to exhaust his claim
18 if pursued through all levels of appeal); Leaf v. Felker, No. 2:08-cv-01554, 2010 WL
19 144357, at *3 (E.D. Cal. Jan. 8, 2010).

20 This Court's original order setting the evidentiary hearing did not clearly put the
21 parties on notice that the timeliness of Plaintiff's first grievance would be considered at
22 the hearing.  Therefore, the Court re-notices and re-schedules the hearing to ensure the
23 parties have time to prepare to present evidence on the following specific question:

24 - Whether Plaintiff had the opportunity to submit his initial grievance, Appeal
25   Log. No. PVSP-O-12-00872, within thirty days of the events giving rise to his
26   failure to protect claim, as required by Cal. Code Regs., tit. 15, § 3084.8(b)(1).

27 In addition, parties should be prepared to present evidence on the questions
28 listed in the original scheduling order (ECF No. 66), to wit:

- Whether Plaintiff's Appeal No. PVSP-O-12-00872 was improperly rejected based on Plaintiff's failure to allege a material adverse effect on his welfare;
- Whether Plaintiff's Appeal Nos. RJD-B-12-00796 and RJD-B-12-01098 were improperly cancelled as untimely; and
- Whether Plaintiff had a reasonable, good faith belief that the administrative appeals process was effectively unavailable to him.

Accordingly, the Court HEREBY VACATES the hearing scheduled for August 14, 2015 and RESETS the evidentiary hearing before the Honorable Michael J. Seng, United States Magistrate Judge, to decide the above disputed issues of fact relating to the exhaustion of Plaintiff's claims and the availability of administrative remedies.  The hearing will be held on September 4, 2015, at 10:00 a.m., in Courtroom 6, Seventh Floor of the United States District Court in Fresno, California.  The hearing will commence and be completed that day, and will address the four issues listed above for the purpose of determining whether or not Plaintiff was excused from the PLRA's exhaustion requirement because administrative remedies were "effectively unavailable."

If either party would like to present additional documents to address the new issue identified above, they shall confer, identify the new documents, and Defense counsel shall provide a courtesy copy of same to the Court no later than August 21, 2015.

IT IS SO ORDERED.

Dated:   August 10, 2015                          /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

3