UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW L. CATE, et al.,<br><br>　　　　Defendants. | CASE NO. 1:12-cv-01146-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**(ECF No. 90)** |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 10.)  The matter proceeds against Defendants Spradling, Davis (formerly McGaha), Walker, Fellows and Prokop on an Eighth Amendment failure to protect claim.

　　　Previously, Plaintiff was granted an extension of time to file a motion to compel discovery. (ECF No. 86.) In that order, Plaintiff was advised that his motion should indicate "(1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why

the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); Brooks v. Alameida, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009). Plaintiff was further advised that failure to do so will be grounds for the denial of his motion.

On November 23, 2015, Plaintiff filed the instant motion to compel, in which he seeks further responses from Defendants to his propounded discovery. (ECF No. 90.) Review of this motion, however, reveals that Plaintiff did not comply with the Court's directive regarding the motion's contents. Though Plaintiff submits copies of his requests for production of documents, his first set of interrogatories, and his first set of admissions, he does not include *any* of the Defendants' responses to his discovery requests, let alone those that he deems deficient. See E.D. Local Rule 251(c) ("Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full.") He also fails to argue why he believes Defendants' responses are deficient and/or objections are unjustified. Plaintiff, of course, bears the burden of describing why the Defendants' particular responses are inadequate. See, e.g., Williams v. Flint, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete."). Without any identification of specific responses to specific requests that Plaintiff deems deficient, his motion must be denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's November 23, 2015, motion to compel (ECF No. 90) is DENIED.

IT IS SO ORDERED.

Dated:   January 27, 2016           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

2