UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>            Plaintiff,<br><br>    v.<br><br>M. CATE, et al.,<br><br>            Defendants. | **CASE NO. 1:12-cv-01146-LJO-MJS (PC)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 98)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**(ECF No. 90)**<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff is prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on an Eighth Amendment failure to protect claim against Defendants Walker, Davis[1], Prokop, Spralding, and Fellows.

On February 22, 2016, Plaintiff filed a motion for reconsideration of the order denying his motion to compel. (ECF No. 98.) Defendants filed an opposition. (ECF No. 101.) Plaintiff filed no reply and the time for doing so has passed. The matter is deemed submitted. Local Rule 230(*l*).

**I.    PROCEDURAL HISTORY**

---

[1] Formerly Defendant D. McGaha.

Discovery in this matter initially was set to close on July 4, 2015. (ECF No. 48.) On June 4, 2015, Plaintiff sought a ninety day extension of the discovery deadline. (ECF No. 61.) On June 9, 2015, the Court granted the motion in part, affording Plaintiff until July 24, 2015 to complete discovery. (ECF No. 64.)  Pursuant to the Court's original scheduling order, all responses to written discovery requests were due forty-five days after the request was first served. (ECF No. 48.)

On June 23, 2015, Plaintiff served his "First Set of Interrogatories for Defendant Walker" on Defendants.  (ECF No. 98 Ex. C).  On August 5, 2015, Defendants served a response on Plaintiff, objecting to this set of interrogatories as untimely since Defendants' responses to the interrogatories were due after the discovery deadline passed.  Id. Defendants did not provide any substantive responses.  Id.  At some point between June 9, 2015 and July 24, 2015, Plaintiff served Defendants a "Motion for Production of Documents" as well as one set of interrogatories each to Defendants Fellows, Davis, Spralding, and Prokop; two sets of interrogatories to Defendant Walker, and one set of admission to Defendant Walker.  Id.  On August 14, 2015, Defendants again objected to Plaintiff's requests on the grounds they were untimely served and would require Defendant to respond beyond the discovery deadline. Id.  Defendants did not provide a substantive response.

On August 26, 2015, Plaintiff filed a motion for a thirty day extension of time to file a motion to compel. (ECF No. 77.) In ruling on the motion, the Court noted that its prior forty five day extension did not afford Plaintiff sufficient opportunity to propound discovery, receive a response, and file any associated motions to compel. (ECF No. 86.) Therefore, the Court granted the motion for extension of time and afforded Plaintiff an additional thirty days to file a motion to compel. Plaintiff was advised that no further extensions of time would be granted, and that any motion to compel must indicate "(1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are

deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action."

On November 23, 2015, Plaintiff filed a motion to compel discovery. (ECF No. 90.) On January 28, 2016, the Court denied Plaintiff's motion to compel on the grounds that Plaintiff did not include Defendants' responses to his requests or specify which responses were deficient. (ECF No. 96.)

The instant motion followed. Plaintiff seeks reconsideration of this Court's order denying his motion to compel, pursuant to "Rule 72-303(c))." (ECF No. 98.) The Court construes Plaintiff's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 303(c).

## II.     MOTION FOR RECONSIDERATION

### A.     Legal Standard

Under Federal Rule of Civil Procedure 72(a), a party may object to any nondispositive orders entered by a magistrate judge.  Rule 72(a) then requires the district judge to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Likewise, Local Rule 303(c) states: "A party seeking reconsideration of the Magistrate judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection.

 "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement

with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting* Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

**B.   Analysis**

Plaintiff seeks reconsideration of the magistrate judge's denial of his motion to compel discovery. The magistrate judge denied Plaintiff's motion because it did "not include *any* of the Defendants' responses to his discovery requests, let alone those that he deems deficient." (ECF No. 96.) The magistrate judge also found Plaintiff "fail[ed] to argue why he believe[d] Defendants' responses [were] deficient and/or objections [were] unjustified." Id.

Plaintiff now states that he inadvertently failed to include Defendants' responses and objections in his original motion to compel; he attaches Defendants' responses and objections to his motion for reconsideration. (ECF No. 98 Ex. C.)

Defendants objected to Plaintiff's discovery requests solely because they were untimely. (ECF No. 98 Ex. C.) In countering Defendants' objection, Plaintiff attributes the untimeliness of his discovery requests to his poor physical and mental health and "systemic obstacles" such as the inefficient prison mail system and Plaintiff's wrongful confinement in the administrative segregation unit. (ECF No. 98 at 3-5.)

However, even if Plaintiff had not encountered these obstacles, the Court previously recognized that the June 9, 2015 order granting Plaintiff a forty-five day extension of time to file his discovery requests did not afford Plaintiff sufficient time to propound any additional discovery requests before the discovery deadline lapsed. (ECF

No. 86.) Thus, Plaintiff's untimeliness may be at least partially attributable to the Court's admittedly confusing June 9, 2015 order.

In light of these facts, the Court will grant Plaintiff's motion for reconsideration and grant his motion to compel. Defendants will be directed to serve responses to Plaintiff's discovery requests within twenty-one (21) days of this Court's order. Plaintiff will then be afforded fourteen (14) days after his receipt of Defendants' responses to file a new motion to compel, if necessary. Plaintiff is once again advised that any motion to compel should indicate: "(1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); Brooks v. Alameida, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

### III.  CONCLUSION AND ORDER

For the reasons stated, IT IS HEREBY ORDERED:

1. Plaintiff's motion for reconsideration (ECF No. 98) is GRANTED.
2. Plaintiff's motion to compel (ECF No. 90) is GRANTED.
3. Within twenty-one (21) days of the date of this order, Defendants are ordered to provide responses to Plaintiff's discovery requests.
4. Within fourteen (14) days of receipt of Defendants' responses, Plaintiff is ordered to file any motions to compel.

IT IS SO ORDERED.

Dated:  **July 7, 2016**          /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE

5.