**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EARL WARNER,<br><br>    Plaintiff,<br><br>  v.<br><br>M. CATE, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01146-LJO-MJS (PC)<br><br>**ORDER VACATING AND RESETTING SETTLEMENT CONFERENCE** |

Plaintiff Earl Warner is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The Court determined that this case would benefit from a settlement conference and set the case for a settlement conference before the undersigned.  On the Court's own motion, the settlement conference in this case will be vacated and reset before Magistrate Judge Jennifer L. Thurston to conduct a settlement conference at Richard J. Donovan Correctional Facility (RJD), 480 Alta Road, San Diego, California 92179 on November 9, 2016 at 10:30 a.m.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The settlement conference currently set for November 7, 2016 before the undersigned is VACATED.

2. This case is set for a settlement conference before Magistrate Judge Jennifer

L. Thurston on November 9, 2016 at 10:30 a.m. at Richard J. Donovan Correctional Facility, 480 Alta Road, San Diego, California 92179.

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

5. At least 21 days before the settlement conference, Plaintiff SHALL submit to Defendant, by mail, a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length.  Thereafter, no later than 14 days before the settlement conference, Defendant SHALL respond, by telephone or in person, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate.  If settlement is achieved, defense counsel is to immediately inform the Courtroom Deputy of Magistrate Judge Thurston.

6. If settlement is not achieved informally, each party is directed to submit confidential settlement statements no later than October 26, 2016 to

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

jltorders@caed.uscourts.gov.  Plaintiff shall mail his confidential settlement statement to U. S. District Court, ADR Director, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than October 26, 2016.  If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).  Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.
b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
c. A summary of the proceedings to date.
d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
e. The relief sought.
f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

g. A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated:  October 4, 2016          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE