UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER, | **Case No.: 1:12-cv-01146-LJO-MJS (PC)** |
| Plaintiff, | |
| | **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER RULE 37(b)(2)(A)** |
| vs. | |
| M. CATE, et al., | |
| Defendants. | **(ECF No. 118)** |

Plaintiff Earl Warner is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint ("FAC") against Defendants Walker, Davis[1], Prokop, Spralding, and Fellows for failure to protect in violation of the Eighth Amendment. (ECF No. 10.)

Before the Court is Plaintiff's August 31, 2016 "Request for Entry of Default" pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). (ECF No. 118.) Defendants have opposed this motion. (ECF No. 123.) Plaintiff has not filed a reply and the time to do so has passed. The matter is submitted. Local Rule 230(l).

---

[1] Formerly Defendant  D. McGaha.

1

## I.    Procedural History

On November 23, 2015, Plaintiff filed a motion to compel discovery. (ECF No. 90.)  Plaintiff's motion was initially denied because Plaintiff failed to attach to his motion the responses he deemed deficient. (ECF No. 96.) On February 22, 2016, Plaintiff filed a motion for reconsideration of the Court's denial, averring that he had inadvertently neglected to attach Defendants' responses to his original motion. (ECF No. 98.) He attached the responses to his motion for reconsideration. Id.

In considering Plaintiff's motion, the District Judge assigned to the case determined that Defendants' sole basis for objecting to Plaintiff's discovery requests was that they were untimely served. (ECF No. 112.) On July 7, 2016, finding that Plaintiff's untimeliness was excusable, the District Judge granted Plaintiff's motion for reconsideration and his motion to compel. Id. Defendants were ordered to provide responses to Plaintiff's discovery requests within twenty-one days of the Court's order. Id.

Defendants requested and were granted one extension of time to serve responses. (ECF Nos. 114 & 115.) Defendants' discovery responses were thus due to Plaintiff by August 25, 2016. (ECF No. 115.)

Plaintiff filed the instant motion on August 31, 2016, alleging that as of August 28, 2016, he had not received Defendants' responses.[2] He asks for default judgment in his favor, as well as an award of costs.

## II.   Legal Standard

"The district court possess[es] the power to impose default as a sanction for [a party's] discovery conduct." Dreith v. Nu Image, Inc., 648 F.3d 779, 786 (9th Cir. 2011.) "Under Federal Rule of Civil Procedure 37(b), a district court may impose

---

[2] Plaintiff's motion for entry of default judgment was signed on August 28, 2016. (ECF No. 118 at 8.)

sanctions, including default, for failing to comply with a court order [regarding discovery]." Id.   "Rule 37(b) reads in relevant part as follows:

> If a party . . .  fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include . . . dismissing the action or proceeding in whole or in part; [and] rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi)." Id.   "Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." Id. (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (internal quotation marks omitted)).

## III.   Discussion

### A.   Plaintiff's Argument

Plaintiff argues that Defendants' supposed failure to comply with the Court's August 25, 2016 deadline was attributable to their practice of "fraud and deception", reasoning as follows:

On or about August 25, 2016, Plaintiff received a letter from Defense counsel suggesting that Defendants had served Defendant Walker's interrogatory responses on Plaintiff on August 22, 2016. (ECF No. 118 at 3.) That letter, dated August 23, 2016, stated: "Enclosed is the verification to Defendant Walker's interrogatory responses, which was omitted when the responses were served on you yesterday." Id. at 5. Defendant Walker's verification is dated August 15, 2016. Id. at 6.

Plaintiff declares that "based upon the nature of the discovery responses," it is "highly unlikely" that his facility misplaced the above-referenced responses. Clearly, he questions whether Defendants did, in fact, serve their responses on August 22, 2016.

### B.   Defendants' Opposition

Defendants respond that they timely served the entirety of their responses on Plaintiff, through his institution, by mail on August 22, 2016. (Mathison Dec. (ECF No. 123-1) at ¶ 3; "Proof of Service" (ECF No. 123-2 at 118.))  Defendants also point out

that in a subsequent filing, Plaintiff himself acknowledged that he personally received the responses on August 29, 2016. (See Pl.'s Mot. for Extension of Time (ECF No. 119 at 2) ¶ 6.)

### C.    Analysis

Defendants' Proof of Service states, under oath, that their discovery responses were served on Plaintiff's institution by mail on August 22, 2016. Plaintiff provides no evidence that the Proof of Service was falsified or is otherwise inaccurate. Although the responses apparently had not made their way to Plaintiff personally before he prepared this motion, they did arrive within a few days. It appears that the delay in delivery as attributable to the prison and not to any willfulness, bad faith, or fault of Defendants. In any event, Plaintiff has the answers.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for the entry of default judgment pursuant to Rule 37(b)(2)(A) is therefore DENIED.

IT IS SO ORDERED.

Dated:   October 21, 2016            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

4