1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

　　　　　　Plaintiff,

　　v.

M. CATE, et al.,

　　　　　　Defendants.

CASE No. 1:12-cv-01146-MJS (PC)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER**

**FOURTEEN (14) DAY DEADLINE**

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendants Walker, Davis, Prokop[1], Spralding, and Fellows for failure to protect in violation the Eighth Amendment to the United States Constitution.

　　　　On July 11, 2016, the Court issued a Trial Scheduling Order setting a telephonic trial confirmation conference for February 2, 2017, and a jury trial for March 21, 2017. (ECF No. 113.) On December 14, 2016, a minute order issued resetting the jury trial for March 29, 2017, but leaving all other dates and deadlines the same. (ECF No. 144.)

　　　　Pursuant to the July 11, 2016 Trial Scheduling Order, Plaintiff's motions for the attendance of witnesses and pretrial statement were due December 8, 2016. On

---

[1] Formerly named D. McGaha.

December 5, 2016, Plaintiff filed a motion for the appointment of expert witnesses (ECF No. 139).  However to date, no pretrial statement has been filed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In addition, Federal Rule of Civil Procedure 16(f) authorizes the dismissal of an action for a party's failure to obey a scheduling or pretrial order

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

2

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within **fourteen (14)** days of service of this Order, Plaintiff shall either file his pretrial statement or show cause why this action should not be dismissed, with prejudice, for failure to obey a Court order and failure to prosecute.

2. Failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   December 16, 2016          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

3