UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>        Plaintiff,<br><br>    v.<br><br>M. CATE, et al.,<br><br>        Defendants. | CASE No. 1:12-cv-01146-MJS (PC)<br><br>**ORDER:**<br><br>**(1) DIRECTING CLERK OF COURT TO RESEND LOCAL RULE 281**<br><br>**(2) DIRECTING PLAINTIFF TO FILE PRETRIAL STATEMENT WITHIN SEVEN (7) DAYS OF THIS ORDER**<br><br>**(3) DIRECTING DEFENDANTS TO FILE PRETRIAL STATEMENT ON OR BEFORE JANUARY 20, 2017**<br><br>**SEVEN (7) DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendants Walker, Davis, Prokop[1], Spralding, and

---

[1] Formerly Defendant D. McGaha.

Fellows for failure to protect in violation the Eighth Amendment to the United States Constitution.

Trial in this case is set for March 29, 2017. (ECF No. 144.) Plaintiff's Local Rule 281 pretrial statement was due on December 8, 2016. (ECF No. 113.) It was not received by that date. On December 19, 2016, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to obey its order as to the pretrial statement. (ECF No. 145.) On January 4, 2017, Plaintiff's responded that he was unable to prepare a pretrial statement because of his lack of legal training, difficulty obtaining assistance within his institution, and inability to find a copy of Local rule 281. (ECF No. 151.)

Plaintiff's response is not well-taken. The Court previously sent Plaintiff a copy of Local Rule 281. (See ECF No. 113.) Plaintiff's pro se does not excuse him from complying with Court orders and deadlines.

Nevertheless, the Court would prefer to have Plaintiff's claims heard on the merits rather than disposed based on Plaintiff's failure to comply with procedural requirements. Accordingly, the Court will give Plaintiff one **final** extended opportunity to comply. He will have **seven days** from the date of this order to prepare and submit a pretrial statement in full compliance with Local Rule 281. (The Clerk of Court will be directed to resend another copy of that rule to Plaintiff.) A repeat failure to comply with this Order and its deadline will result in Plaintiff having to proceed to trial without witnesses or exhibits (as same must be timely disclosed in a pretrial statement) and possibly cause dismissal of the case.

Defendants will now be directed to file their own pretrial statement on or before **January 20, 2017**, regardless of whether Plaintiff timely files his. The telephonic trial confirmation hearing set for February 2, 2017 will proceed as scheduled. (See ECF No. 113.)

Accordingly, it is HEREBY ORDERED THAT:

1. The Clerk of Court shall send Plaintiff a copy of Local Rule 281.

2

2. Within **seven days** of service of this Order, Plaintiff shall file his pretrial statement. **Failure to comply with this order will result in Plaintiff having to proceed to trial without witnesses or exhibits and possibly in dismissal of his case**.

3. Defendants shall file their pretrial statement on or before January 20, 2017.

4. No further extensions will be granted.

IT IS SO ORDERED.

Dated:   January 5, 2017            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE