UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>               Plaintiff,<br><br>     v.<br><br>M. CATE, et al.,<br><br>               Defendants. | CASE NO. 1:12-cv-01146-MJS (PC)<br><br>**ORDER STRIKING PLAINTIFF'S FIRST MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES (ECF NO. 154)**<br><br>**ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES**<br><br>**(ECF No. 181)**<br><br>**CLERK TO STRIKE ECF NO. 154** |

**I.    Introduction**

Plaintiff is a state prisoner proceeding with counsel and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Walker, Prokop, Spralding, Fellows, and Davis (formerly McGaha) on Plaintiff's Eighth Amendment claim that Defendants intentionally housed Plaintiff in the same unit as his enemy knowing that doing so posed a serious threat to Plaintiff's safety.

On January 9, 2017, while Plaintiff still proceeded pro se, he filed a motion for the attendance of incarcerated witnesses at trial. (ECF No. 154.) Plaintiff also propounded a request for the attendance of incarcerated witnesses on January 4, 2017. (ECF No. 151 at 4-9.) On January 20, 2017, the Court appointed counsel. (ECF No. 161.)  On June 2, 2017 counsel filed a new motion for attendance of incarcerated witnesses at trial and asked to withdraw Plaintiff's prior requests. (ECF No. 181.) Accordingly, the request in ECF No. 151 will be disregarded, and the motion at ECF No. 154 stricken.

Defendants filed an opposition to the instant motion. (ECF No. 190.) The matter stands ready for adjudication.

## II. Plaintiff's Motion

Plaintiff seeks to have four inmates made available to testify at trial: (1) Paul Salcido; (2) Robert Siordia; (3) Van-Albert Siegrist; and (4) Chad Galvin. He attests that Salcido is willing to testify voluntarily, Siordia is unwilling to testify voluntarily, and Siegrist and Galvin have not indicated whether they are willing to testify voluntarily or involuntarily.

Plaintiff states that Siordia has first-hand knowledge of relevant facts and events. Salcido indicates he too has first-hand knowledge of relevant events (Decl. of P. Salcido (ECF No. 181-2.)) Siegrist and Galvin each possess knowledge of Siordia's well-known gang affiliation and propensity for violence, as well as intimate knowledge of the prison gang culture. (Decl. of V. Siegrist (ECF No. 181-4); Decl. of C. Galvin (ECF No. 181-5.))

Defendants oppose the motion as to inmates Salcido, Siegrist, and Galvin on the grounds that these inmates do not possess actual knowledge of the relevant events in this case and their testimony will not substantially further the resolution of this case. Specifically, none of these inmates witnessed the January 19, 2011 classification committee hearing during which Defendants allegedly disregarded Plaintiff's enemy concerns and assigned Plaintiff to the same housing unit as Siordia. Defendants maintain that any information these inmates provide regarding Siordia's gang affiliations

and reputation for violence would be merely cumulative of Plaintiff and inmate Siordia's own potential testimony at trial.

### III. Legal Standard

The Court has discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

### IV. Discussion

Defendants do not object to Plaintiff's request to call inmate Siordia as a witness. It appears inmate Siordia could offer relevant information regarding Plaintiff's failure to protect claim. Plaintiff's motion will be granted as to Siordia.

Inmate Salcido avers that he was housed on the same unit as Plaintiff on January 19 and 20, 2011. He states that he witnessed Siordia be removed from his cell on January 19, 2011, on instructions to go to the facility program office. On his return Siordia told Salcido that Plaintiff had claimed Siordia warned Plaintiff to stay off of the yard. Salcido also witnessed custody officers escort Plaintiff and his belongings to the unit shortly after Siordia's return. He overheard the officers say Plaintiff tried to refuse the cell move to avoid Siordia. Salcido also says he delivered a "kite" (a note) to Siordia on Plaintiff's behalf. Over the next two days, he witnessed a number of inmates, including Siordia's cellmate, walking past Plaintiff's cell. Salcido saw Plaintiff refuse to leave his cell for meals and ultimately cut his own wrist.

Much of what Salcido plans to testify to may be hearsay, but he seems to have relevant information regarding Siordia and his associates and the actions of staff and inmates. To the extent Defendants believe Salcido's testimony might be cumulative of Siordia's, Siordia apparently is an uncooperative witness. The Court will grant Plaintiff's motion as to Salcido.

However, the Court finds that Siegrist and Galvin are unlikely to provide relevant information not otherwise available through Plaintiff or Salcido. Neither has personal knowledge of the events of January 19 or 20, 2011, and each simply plans to testify only as to as to the culture of gangs and violence at CDCR institutions. Plaintiff may testify to these facts himself. Accordingly, Plaintiff's motion as to inmates Siegrist and Galvin will be denied, but denied without prejudice to its renewal if the defense challenges Plaintiff's and Salcido's testimony in those regards and the Court determines it would be helpful to take additional such testimony.

**V.    Conclusion**

Based on the foregoing, Plaintiff has made a sufficient showing to warrant making inmates Siordia and Salcido available to testify at trial. He has not met his burden as to inmates Siegrist and Galvin.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion for the attendance of incarcerated witnesses at trial (ECF No. 154) is STRICKEN from the record;
2. Plaintiff's second motion for the attendance of incarcerated witnesses (ECF No. 181) is GRANTED IN PART, consistent with this order. At the appropriate time, the Court will issue separate writs of habeas corpus ad testificandum to secure Siordia's and Salcido's attendance.

IT IS SO ORDERED.

Dated:   July 25, 2017            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE